Ingram **X. CALHOUN** et al., Appellees,

v.

**Robert S. UHLS, Building Inspection Director of Oklahoma City, a municipal corporation, Appellant.**

**No. 45859.**

Court of Appeals of Oklahoma, Division No. 2.

Oct. 9, 1973.

Rehearing Denied Dec. 5, 1973.

As Corrected on Denial of Rehearing Jan. 4, 1974.

Released for Publication by Order of Court of Appeals April 4, 1975.

William F. Collins, Jr., McClelland, Collins, Sheehan, Bailey & Bailey, Oklahoma City, for appellees.

Roy H. Semtner, Municipal Counselor, Ronald Collier, Asst. Municipal Counselor, Oklahoma City, for appellant.

BRIGHTMIRE, Presiding Judge.

After many years of operating a riverside sand pit thereon plaintiffs' 27 acres were annexed by Oklahoma City. Twelve years later, on June 14, 1971, the City acting through its building inspector issued an order to cease the sand extraction because it violated certain zoning ordinances. Plaintiffs complied but filed this action to enjoin enforcement of the order. The trial court heard evidence in the equity matter and ultimately granted plaintiffs the relief sought. The City says the judgment should be vacated for three reasons: (1) It is not sustained by sufficient evidence; (2) It required holding unconstitutional an ordinance which was not; (3) Extraordinary relief in equity was unwarranted.

The rationale underlying Inspector's Uhl's 1971 plan to ban the sand production —and the one defended by the City here— is that upon being annexed in 1959 plaintiff's unzoned acreage took on a single-family residential classification by virtue of the provisions of an "automatic" annexation zoning ordinance.; and though the preexisting sand making operation was continuable as a nonconforming use it could do so for only two years under the terms of a so-called "amortization" ordinance—a period which upon expiring in 1961 was said to be followed by 10 years of unlawful sand removal terminable at any time the City saw fit.

Because of the view we take of the automatic annexation ordinance it is unnecessary to discuss the points advanced by the City save to say its argument that the trial judge was without sufficient evidence to find that a sand extraction operation existed on plaintiffs' premises at the time of annexation is without merit. In other words, we think validity of the Oklahoma City amortization ordinance[1] does not control the outcome of this case as did the trial court below and appellant here. The judgment we uphold on another ground.

It was stipulated at trial that when subject property was annexed in 1959 there was in force an ordinance providing that annexed land automatically assumed an "A" single-family dwelling zoning classification, unless the land was specifically classified otherwise in the annexation ordinance. Such a provision undoubtedly is designed to maintain land use status quo by imposing the most restrictive classification on newly annexed land.

■ If an automatic classification ordinance be construed to impose a permanent

---

1. Section 13.15.01 of the Ordinances of the City of Oklahoma City, 1960 as amended, which reads:

"Use of Lands. The lawful use of land not containing buildings which does not conform to the provisions of this ordinance shall be discontinued within two years from the effective date of this ordinance, and the use of lands which becomes non-conforming by reason of a subsequent change in this ordinance shall be discontinued within two years from the date of the change."

"A" single-family dwelling classification upon annexed land it is vulnerable to the charge of being unconstitutionally arbitrary by contravening the due process and equal protection clauses of the Fourteenth Amendment. If, on the other hand, the ordinance is considered as serving the temporary role of preventing post-annexation establishment of undesirable nonconforming uses, it may escape such constitutional impairment. As an interim device it may be a reasonable exercise of reserved state police powers by giving municipal authorities a reasonable time to enact a comprehensive zoning ordinance classifying newly annexed land after giving proper notice and affording property owners a chance to be heard. McCurley v. City of El Reno, 138 Okl. 92, 280 P. 467 (1929).

▉▉▉▉ In this case the land in question was annexed in 1959. The sand operation predated the annexation. As a nonconforming use of the land the landowners had a right to operate the sand pit as a continuation of the status quo. The time limitation of the amortization ordinance, if otherwise validly applicable, would not in any event have begun to run until a permanent classification ordinance was properly enacted. Neither can the question of the validity or applicability of the amortization ordinance in any event arise until its provisions are potentially invoked by the enactment of a permanent zoning ordinance.

Because no permanent ordinance had been enacted we hold the trial court properly enjoined enforcement of the inspector's stop order.

Affirmed.

BACON and NEPTUNE, JJ., concur.